**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **Hasani Jackson**, | |
| *Plaintiff*, | Case No.:_____ |
| v. | |
| **Preferred Collection and Management Services, Inc.**, and | *Ad Damnum*:  **$14,000 + Fees and Costs** |
| **Equifax Information Services, LLC,** | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, **Hasani Jackson**, ("**Mr. Jackson**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Preferred Collection and Management Services, Inc.** ("**Preferred**") and **Equifax Information Services, LLC ("Equifax")** stating as follows:

**PRELIMINARY STATEMENT**

1.  This is an action brought by Mr. Jackson against Preferred for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

**JURISDICTION AND VENUE**

2.  Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FRCA, 15 U.S.C. § 1681p, and 28 U.S.C § 1331.

3. Preferred is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

4. Equifax is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants therein.

## PARTIES

6. **Mr. Jackson** is a natural person residing in Plant City, Hillsborough County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. **Preferred** is a Florida corporation, with a primary business address of 1000 N Ashley Dr., Suite 600, Tampa, FL 33602.

8. Preferred's Registered Agent is **David M. Kelley, 1705 Magdalene Dr., Tampa, FL 33613.**

9. Preferred is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Preferred is licensed as a Consumer Collection Agency ("**CCA**") by the Florida Office of Financial Regulation and holds license number **CCA9902277. SEE PLAINTIFF'S EXHIBIT A.**

11. **Equifax** is a Georgia limited liability company, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

12. Equifax is registered to conduct business in the state of Florida, where its Registered Agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

13. Equifax is a nationwide **Consumer Credit Reporting Agency** ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, and/or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

## FACTUAL ALLEGATIONS
### Chapter 7 Bankruptcy

14. In November 2010, Mr. Jackson filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

15. On March 25, 2011, Mr. Jackson received a discharge of his debts. **SEE PLAINTIFF'S EXHIBIT B**.

16. Mr. Jackson did not reaffirm any unsecured debt to any creditor throughout the bankruptcy proceedings.

### The Alleged Debt

17. Around January 2017, Mr. Jackson allegedly incurred a medical debt of $50 to an unknown original creditor (the "**Debt**").

18. The Debt was later assigned or otherwise transferred to Preferred for collection.

19. Around August 2017, Preferred began reporting the Debt as a medical debt to Equifax, a nationwide consumer credit reporting agency ("**CRA**"). **SEE PLAINTIFF'S EXHIBIT C.**

20. Preferred reported a *Date of First Delinquency* ("**DOFD**") for the Debt of January 2017, meaning the Debt first became delinquent in January 2017. *Id.*

### False Original Creditor

21. Preferred reported that the original creditor of the Debt was "**Orthopaedic Solutions Managem**" (sic). *Id.*

22. Assuming, *arguendo*, that Preferred meant "Orthopaedic Solutions Management," its website states that Orthopaedic Solutions Management ("**OSM**") is a *Management Services Organization* which is a legal entity "created to provide management and administrative services to other organizations." **SEE PLAINTIFF'S EXHIBIT D.**

23. OSM does not provide medical services directly to consumers, nor does it provide financing or other services directly to consumers such as Mr. Jackson.

24. As such, OSM was not the original creditor of the Debt.

25. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states that "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.**

Without the original creditor names, consumers may not know what the accounts represent." *emphasis original*. **SEE PLAINTIFF'S EXHIBIT E.**

26. The *Credit Reporting Resource Guide* instructs debt collectors like Preferred to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

27. An unsophisticated consumer would not recognize a debt reporting "Orthopaedic Solutions Managem" as the original creditor, since the Debt, if incurred at all, was incurred to another entity, and all relevant bills sent by the original creditor would have had a different entity listed on them.

28. Preferred's failure to accurately report the original creditor places an unsophisticated consumer at a disadvantage in plotting a course of action in response to the reporting of the Debt to Equifax.

### False Indication of Reaffirmation

29. Preferred also reported that the Debt had been reaffirmed in bankruptcy. **SEE PLAINTIFF'S EXHIBIT C.**

30. This "reaffirmation of debt" comment indicates that a consumer filed Chapter 7 bankruptcy and then voluntarily reaffirmed the debt, waiving his right to discharge the debt pursuant to 11 U.S.C. § 524.

31. However, as previously mentioned, Mr. Jackson did not reaffirm any debt in his prior bankruptcy, and thus did not reaffirm a debt allegedly owed to OSM.

32. Pursuant to Preferred's own reports, the Debt was incurred in 2017, thus, Mr. Jackson could not have reaffirmed the Debt when his bankruptcy was discharged in 2011.

33. Assuming that Preferred knew about Mr. Jackson's bankruptcy, it must also have known, or should have known, that the Debt had not been reaffirmed in that bankruptcy.

34. Further, Mr. Jackson never stated, claimed, suggested, or otherwise communicated to Preferred, the original creditor, or any other person, that he had reaffirmed the Debt.

35. On information and belief, Preferred had no reason to believe that the Debt had been reaffirmed.

36. Preferred re-reported the Debt with all the same information, and thus re-communicated this information monthly, including a report as recently as February 2019. *Id.*

37. Credit reporting is "a powerful tool designed, in part, to wrench compliance with payment terms" from the consumer." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

38. Preferred's false reporting of the Debt had a material negative impact on Mr. Jackson's credit scores.

39. Upon information and belief, Equifax requires data furnishers, such as Preferred, to certify that their reported information is accurate and in compliance with Equifax's reporting policies.

40. Thus, on information and belief, each time Preferred reported the Debt to Equifax, it falsely certified that its information was accurate.

41. Reporting a debt to a CRA is a communication in connection with the collection of a debt, and a *per se* attempt to collect the debt alleged therein.

### Equifax's Failure to Purge

42. Pursuant to 15 U.S.C. 1681c(a)(1) and 1681c(a)(5), the record of a Chapter 7 Bankruptcy must be purged within ten years of the date of discharge, and all other *negative information* should have been removed after seven years.

43. Thus, a tradeline such as Preferred's which indicates that a chapter 7 bankruptcy was filed, should have been purged as obsolete in March 2018, seven years from the date of discharge.

44. Despite this, Equifax allowed Preferred's tradeline to be included in credit reports it furnished regarding Mr. Jackson.

45. Records from Equifax show that it produced and sold reports on Mr. Jackson at least **thirteen (13) times** in the last 24 months. **SEE PLAINTIFF'S EXHIBIT F.**

46. The "public records" section of Mr. Jackson's Equifax consumer disclosure shows only the bankruptcy discharged in 2011 reporting. **SEE PLAINTIFF'S EXHIBIT G.**

47. Thus, no other bankruptcy was present in Equifax's file from which it concluded that the reaffirmation comment was appropriate.

48. Equifax, as a CRA, has a duty to maintain reasonable procedures to ensure maximum possible accuracy of the reports it produced and sold.

49. The standard for judging the reasonableness of procedures "is what a reasonably prudent person would do under the circumstances." *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984).

50. A reasonably prudent person would not incorporate logically-impossible information – such as the fact that an unsecured medical debt incurred in January 2017 was reaffirmed in a 2011 bankruptcy – in reports it sells on a consumer.

51. Equifax thus failed to implement or maintain reasonable procedures to verify the accuracy of the reports it sold regarding Mr. Jackson.

52. Mr. Jackson has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees or has assigned his rights to fees and costs to the aforementioned firm.

## COUNT I
## PREFERRED'S VIOLATIONS OF THE FDCPA

53. Mr. Jackson adopts and incorporates paragraphs 1 – 52 as if fully stated herein.

54. Preferred violated **15 U.S.C. § 1692e and 1692e(10)** by making false representations in an attempt to collect a debt, when: (i) Preferred reported the Debt to Equifax, indicating that the Debt had been reaffirmed in Chapter 7 bankruptcy, when Preferred knew, or should have known that this was not true; and, (ii) Preferred reported

that OSM was the "original" creditor of the Debt, when it knew, or should have known that OSM was not.

55. Preferred violated **15 U.S.C. § 1692e(2)(a)** by making a false representation about the character, amount and legal status of a debt when: (i) Preferred reported the Debt to Equifax, indicating that the Debt had been reaffirmed in Chapter 7 bankruptcy, when Preferred knew, or should have known that this was not true; and, (ii) Preferred reported that OSM was the "original" creditor of the Debt, when it knew, or should have known that OSM was not.

56. Preferred violated **15 U.S.C. § 1692e(8)** when it communicated credit information which was known to be false, by reporting to Equifax that the Debt was reaffirmed after a Chapter 7 bankruptcy discharge, and when it reported that OSM was the "original" creditor of the account, when it was not.

57. Preferred violated **15 U.S.C. § 1692f** when it used unfair methods to collect a debt, when it falsely reported that the Debt had been been reaffirmed after a bankruptcy filing, when it knew, or should have known, that this was not the case.

58. Preferred's conduct renders it liable for the above-stated violations of the FDCPA, and Mr. Jackson is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. Jackson respectfully requests this Honorable Court enter judgment against Preferred, for:

(a)   Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b)   Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)   Reasonable costs & attorneys' fees under to 15 U.S.C. § 1692k(a)(3); and,

(d)   Such other relief that this Court deems just and proper.

## COUNT II
## EQUIFAX'S VIOLATIONS OF THE FCRA

59.   Ms. Jackson adopts and incorporates paragraphs 1 – 52 as if fully stated herein.

60.   Equifax violated 15 U.S.C. § **1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of information in reports it sold regarding Mr. Jackson. Had Equifax implemented reasonable procedures, Equifax would not have accepted reports from Preferred that a $50 unsecured medical debt incurred in 2017 had been reaffirmed in Mr. Jackson's 2011 bankruptcy discharge, when this information is not merely false but logically impossible.

61.   Alternatively, assuming *arguendo*, that the Debt had somehow been reaffirmed, the running of the reporting period for the adverse information would have prevented reporting after March 2018.  Equifax therefore violated 15 U.S.C. § **1681e(b)**, when it failed to follow reasonable procedures to ensure that information beyond the seven-year reporting period would not be included in reports it sold regarding Mr. Jackson.

62.   Equifax's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm Mr. Jackson.

63. As a result of its conduct, Equifax is liable to Mr. Jackson pursuant to the FCRA for statutory damages of up to $1,000 for *each occurrence*, and other relief.

**WHEREFORE,** Mr. Jackson respectfully requests this Honorable Court enter judgment against Equifax for:

a. The greater of statutory damages of $1,000.00 per incident (for a total of **$13,000**), pursuant to 15 U.S.C. § 1681n(a)(1)(A) or Mr. Jackson's actual damages for loss of credit opportunities and related economic and non-economic injuries pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Jackson demands a jury trial on all issues so triable.

Respectfully submitted on March 8, 2019, by:

/s/ *Bryan J. Geiger*
**Bryan J. Geiger, Esquire.**
**FBN: 119168**
**SERAPH LEGAL, P. A.**
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
Tel: 813-**567**-**1230**
**Fax:** 855-500-0705
BGeiger@SeraphLegal.Com
Counsel for Plaintiff

**PLAINTIFF'S EXHIBITS**
A	**Preferred's Florida Consumer Collection Agency License Record**
B	**Plaintiff's Discharge in Chapter 7 Bankruptcy, March 25, 2011**
C	**Plaintiff's Equifax Consumer Disclosure, February 15, 2019**
D	**Screenshot of OSM**
E	*Credit Reporting Resource Guide*, **Original Creditor Name Excerpt**
F	**Plaintiff's Equifax Consumer Disclosure, February 15, 2019, Inquiries Excerpt**
G	**Plaintiff's Equifax Consumer Disclosure, February 15, 2019, Public Records Excerpt**