UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HASANI JACKSON,

    Plaintiff,

v.                                              Case No: 8:19-cv-601-T-60JSS

PREFERRED COLLECTION
AND MANAGEMENT SERVICES,
INC.,

    Defendant.
_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter came before the Court on the "Motion for Summary Judgment of the Defendant Preferred Collection and Management Services, Inc., Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure" (Doc. 46) and "Plaintiff's Motion for Summary Judgment" (Doc. 47), both filed on August 14, 2020. On August 28, 2020, the parties filed responses to the motions. (Docs. 50; 51). The Court heard oral argument on the motions on November 19, 2020. Based on the motions, responses, argument of counsel, court file, and record, the Court finds as follows.

### Background

The parties have stipulated to the undisputed facts in this case, leaving only issues of law to be determined by the Court. *See* (Doc. 45). In 2017, Florida Orthopaedic Institute claimed that Plaintiff Hasani Jackson owed it $50 (the "debt") on a bill for medical services. The right to collect this debt was assigned to

Defendant Preferred Collection and Management Services. In 2018, Defendant incorrectly reported the debt to credit agencies as having been part of a bankruptcy but reaffirmed by the Plaintiff. Plaintiff had filed for bankruptcy protection in 2010, and Defendant's software programs incorrectly linked the debt to that earlier bankruptcy. In February, 2019, Defendant also incorrectly reported to Equifax that the original creditor on the debt was Orthopaedic Solutions Management, a management company to which Florida Orthopaedic Institute had directed checks and invoices to be sent.

After Plaintiff noticed discrepancies in his credit report, Plaintiff's counsel submitted an online dispute to Equifax, which electronically sent Defendant a verification form. The dispute was coded to indicate "Not His/Hers, provide complete ID." Defendant matched the demographic information on Plaintiff (name, social security number, date of birth) in its computer system with the information appearing in the verification form and reported back that the information was accurate. Defendant did not remove the "Reaffirmation of Debt" comment or correct the creditor name.

Plaintiff filed this suit alleging that Defendant's actions violated the federal Fair Debt Collections Practices Act (Count I) and Fair Credit Reporting Act (Count II). A third count filed against Equifax Information Services, LLC, was dismissed voluntarily. Plaintiff and Defendant have filed cross-motions for summary judgment.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations and evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where, the moving party will bear the burden of proof on an issue at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict on that issue. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that burden is the non-moving party required to produce evidence in opposition. *Chanel, Inc. v. Italian*

*Activewear of Fla. Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). Summary judgment should be denied unless, on the record evidence presented, a reasonable jury could not return a verdict for the non-moving party. *Id.*; *see also Fitzpatrick*, 2 F.3d at 1115-16.

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

## Analysis

Count I of Plaintiff's first amended complaint alleges that Defendant's reporting regarding the debt violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Based on the undisputed facts, as a matter of law, neither Defendant's incorrect reporting of the identity of the original creditor, nor its erroneous notation "Reaffirmation of Debt, Medical," constituted a violation of the FDCPA. *See, e.g.*, *Koehler v. Waypoint Res. Grp.*, LLC, No. 8:18-cv-2071-T-60AAS, 2019 WL 5722117, at *2 (M.D. Fla. Nov. 5, 2019); *Dash v. Midland Funding*

*LLC*, No. 8:16-cv-2128-T-36AAS, 2017 WL 841116, at *2 (M.D. Fla. Mar. 3, 2017); *Lee v. Sec. Check, LLC*, No. 3:09-cv-421-J-12TEM, 2010 WL 3075673, at *8 (M.D. Fla. Aug. 5, 2010). Defendant is therefore entitled to summary judgment as to Count I.

Count II of the first amended complaint alleges that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), by not conducting a reasonable investigation of the dispute Plaintiff submitted to Equifax. The dispute, however, did not identify the specific issues with respect to the original creditor or the bankruptcy. Based on the undisputed facts, as a matter of law, Defendant's computer-aided investigation was reasonable and did not violate the FCRA. *See Lewis v. Suncoast Credit Union & USF*, No. 1:19-cv-01900-MHC-RDC, 2020 WL 5548774, at *5 (N.D. Ga. Aug. 28, 2020). Defendant is therefore also entitled to summary judgment on Count II.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The "Motion for Summary Judgment of the Defendant Preferred Collection and Management Services, Inc., Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure" (Doc. 46) is **GRANTED**.

(2) "Plaintiff's Motion for Summary Judgment" (Doc. 47) is **DENIED**.

(3) The Clerk is **DIRECTED** to enter judgment in favor of Defendant Preferred Collection and Management Services, Inc., and against Plaintiff Hasani Jackson, on Counts I and II of the first amended complaint.

(4) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**